Good morning. May it please the court. Judge Smith, Judge Malloy, Judge Strauss, I'm Neil Sater with the Kansas City Law Office of the Sater Law Firm, and I represent CRP Holdings, A-1, LLC. This matter is now in front of the Eighth Circuit for the second time. The last time, this court remanded this matter to the bankruptcy court to make the following determination. Whether CRP, the creditor, has a judicial lien on the property, this court further went on to say that if it does have a judicial lien, whether it's enforceable or non-enforceable, that it is subject to avoidance under the bankruptcy code. However, what this court also said in 2016 in its memorandum opinion was that judicial liens are a subset of liens. On page four of the 2016 opinion, this court importantly stated that judicial liens are a subset of liens. The court went on to state that in Missouri, liens are determined under state law. And therefore, this court said at the time in its 2016 opinion that there was a strong argument that there is no lien of any type in this case if it can't be found on the Missouri law that in fact a lien exists. This court recognized the difference in the case where there is a lien that exists between a lien that is enforceable or non-enforceable and most importantly as well, if a lien doesn't exist, that there are non-existent liens. What's the difference, counsel, between an unenforceable lien and a lien that does not exist? An unenforceable lien, as this court wrote, it cited a Fifth Circuit Texas opinion. In order for it to be an unenforceable lien, first, a lien has to be found to exist. It must first be found to exist in some fashion. In Texas, in the case that this court cited, the Fifth Circuit case, the Henderson case, what it stated is that under Texas law, when there is tenancy by the entirety's property, a lien does attach under Texas law. It allows for the lien to attach, but also under Texas law, interestingly, that lien is not enforceable. And so what the court here stated, quoting the Fifth Circuit, saying that an unenforceable lien in that case is where the lien first attached, but couldn't be enforced in that case, the motion to avoid lien is appropriate and proper. So first you've got to make that So in terms of, I mean, one of the arguments here is the future interest. And so the argument here would be that's not an unenforceable lien because it never attached, as opposed to the Texas example you gave me, where it attaches, you just can't enforce it at that particular time. Is that sort of how you would characterize it, or am I wrong? Yes. And in trying to go through this and think it through, Your Honor, what the future contingent interest belongs to the creditor. It's not a property right that the debtor owns. So yes, it's not a lien. It may never become a lien. It may never change character whatsoever. The only thing post-petition, post-filing of the bankruptcy petition in this case, that will change, the only way that it can become, have an impact on the property is if post-petition, the character of that property changes. And the tenancy by the entirety is abrogated. Well, let's put putting aside the tenancy by entirety for a second. Do I understand correctly if under Missouri law, if the husband and wife sell the property, the proceeds are exempt from execution as long as it's still a homestead? There is a limited homestead in Missouri, Your Honor. Subject to the limitation. In Texas, there's an unlimited homestead. We're talking Missouri, though. Missouri law is a $15,000 exemption. So if they sell the property, they get to keep the first $15,000, but you would get everything over $15,000, right? If there were no tenancy by the entirety. That's correct, Your Honor. Subject to a prior mortgage. Now, what happens, however, if they would vacate the property and decide to make it in a rental property and it's now no longer a homestead? Does your lien attach at that point? The lien, if it's held by tenancy by the, it's still tenancy by the entirety if it's owned by a husband and wife and the four unities are present. So the answer would be no, Your Honor. Even though it's no longer a homestead? Yes, sir. So if a husband and wife own 20 rental properties all by tenancy and the entirety, they're all, none of them are subject to attachment of a judgment lien? There are different statutes in Missouri that actually apply tenancy by the entireties to things like bank accounts also, Your Honor. The answer is it doesn't have to be an exempt piece of real estate or a homestead. Counsel, what about the equities of bankruptcy and the court wanting to give a fresh start to a debtor and this contingent interest that you assert would pose a cloud on the title that these debtors are entitled to not have? Your Honor, first, I would respectfully suggest that in order for there to be a cloud on the title, you have to find that there is a lien first in this case, you know, if the cloud is going to be constituted as a judicial lien. So you first have to find the lien. Judicial lien is a subset. And then if you find that there is a judicial lien and there is a cloud on the title- Wasn't your position before that it was a judicial lien, the contingent interest concept is more recent vintage, isn't it? Yes, sir. I believe it's under, you know, the Sixth Circuit and the Tenth Circuit that, you know, laws that are cited also in this court's opinion previously that, in effect, what it really is, it's a contingent future interest that is held by the creditor. But that wasn't your argument previously. That wasn't it. That was not the argument previously, Your Honor. When you say it first has to be a lien, though, but the Bankruptcy Code defines lien very broadly as any charge against the property. It doesn't have to be what we maybe normally think of as a judgment lien or a mortgage. And there's this Missouri case that the bankruptcy court relied upon pretty extensively, Mahan or Mahan v. Rohrer, which indicates under Missouri law, what we have here is a charge against the property. How do you distinguish that? Your Honor, I would say that the lower court, Judge Norton, the Honorable Judge Norton and the BAP all agreed that under Missouri law, there is no lien. What they didn't understand, it's my contention in reviewing everything carefully in preparation for today, is they didn't necessarily understand that a judicial lien, as this court wrote, is a subset of a lien. Everyone agrees, I think in the state of Missouri, that state law determines what a lien is. In this case, it's RSMO, Revised Statutes of Missouri 511.440 and 511.010 that basically state that Missouri judgments are only liens on real estate and that in fact, real estate is an interest liable and real estate is only considered an interest that's liable to be sold at execution. So if something, if a piece of real estate can't be sold on execution, if a piece of property, Your Honor, can't be sold on execution, it can't be considered real estate and therefore it can't be subject to lien under Missouri law. And so going back to the question that Judge Strauss asked and I asked earlier, if I understand correctly, then the only way it can attach is if the parties say they got divorced and the husband against whom you have the judgment ends up owning the property? Yes, sir. Essentially, Your Honor, what I'm saying is that there has to be a future new event, a new circumstance post-petition that takes place. This is only essentially an interim action. In other words, this, what my client possesses, the contingent future interest, can't follow Mr. O'Sullivan in this case to another property or anywhere else. And it can only, and what's interesting about it when you think it through is that if it were to happen, Your Honor, it would only happen because the tenancies by the entireties is broken and therefore the exemption doesn't exist and therefore a lien can lie. What exactly does this get you? I'm trying to figure out what happens because the under, isn't the underlying judgment going to be discharged in bankruptcy? And so how, then what, what do you, what does a lien, what does a lien do? I mean, the lien doesn't really attach to anything, right, later on, or am I wrong about that? I believe you're, you're incorrect, Your Honor. I hate to say you're wrong. Go ahead. It's happened before. It's kind of like, Judge, in, in chapter seven, if you are a debtor's attorney, as I am oftentimes, and you have a, your client has a car and there's a car loan and a lien on the car, you file bankruptcy for the client. The client continues to make payments on the car. Thereafter, the car company could still repossess the car at post-petition if they don't make the payments, but they can't go after the deficiency balance against the debtor unless the debtor reaffirmed the debt, as Judge Malloy knows. So what, so it's a possibility, but it all makes sense because what happens is it could only arise in the event that the tenancy by the entirety is no longer applicable in the future due to a future event that takes place post-petition. It's very possible the contingent future interest my client holds, the creditor holds, may never alter and change and, you know, dissipate. But is the judgment itself, is that discharged in bankruptcy? Yes, sir. Okay. I would, I would like to get back quickly to Judge Smith's question about the cloud on title. I do understand that argument and it was discussed significantly two years ago here at this court, too, Your Honor. And two points I'd like to make initially, but one is, you know, there's a difference between a cloud on title that is based on an appropriate filing and a mistake of law or a mistake that a title company or a title searcher may make. A misunderstanding or a fundamental mistake of the law and not understanding the law should not deny my client, in this case, the creditor, his legal rights. There's a difference between a cloud and a mistake. And what I would say is that the examples that, first of all, Your Honor, what I would state in this case... What legal right is your client being denied or would be denied in the circumstance in which the contingent interest concept isn't adopted? What's your client being denied? Well, my client would be denied the possibility that in the future, you know, he would have, he would have the ability to execute on that particular piece of real property, Your Honor, in the future should that intervening circumstance occur where the tenancies by the entirety is broken. I appreciate you reserving the rest of my time, Your Honors. Thank you, Mr. Sater. Mr. Rouse. Thank you. My name is Norman Rouse. I'm here representing Casey O'Sullivan. And we're back here on a remand to determine whether or not, under the Eighth Circuit's previous decision, whether a lien exists at all or whether it's an unenforceable lien. And I don't think you can simply look at bank, simply look at state law to make that decision. Both the BAP and the judge found that under Missouri law, but for the bankruptcy, this lien would be unenforceable or would be unenforceable because it's a lien against tenancy by the entirety. And under the definition, Missouri statutes, real estate is defined as property that is subject to enforcement, which it would not be under tenancy by the entirety. But what we're at is looking at whether or not this is a judicial lien subject to avoidance under 522F1. And we'll have to look at the bankruptcy law and definitions to make a determination as to whether under bankruptcy law, for the purposes of 522F1 avoidance, does it meet a definition of judicial lien? And there are two definitions that the bankruptcy code has, and that's 11 U.S.C. section 10136 and 1037, which defines more particularly a lien as a charge or an interest in property to secure payment. And the issue is whether or not under Missouri law, the plaintiff here has a claim or an interest in real estate. And I think, first of all, their argument today clearly indicates that they believe that they have an interest in real estate, that they have an interest in this property that sometime will arise and that they can levy upon either the death of the spouse or upon perhaps divorce. And it is that interest that is subject to avoidance under 522F. And I think the problem is that with respect to how the court got there is it looked at Missouri law and determined whether or not  or a charge against the property. And if a cloud is interest, and if a cloud under Missouri law on the title is equal to an interest or a charge against the property, then it's subject to avoidance under 522F1. And I think what the court did was they looked at both courts, looked at two different cases. And as the court previously said, they looked at Mahan versus Rural. And they also look at Rogers versus First National Bank of Appleton City. And I think the issue with respect that creates here is that when you look at the record, any examiner or someone who prefers a record cannot tell from the record alone whether a tenancy by the entirety exists or existed at the time the deed was created. If you look at a deed and it says husband and wife, were they really husband and wife? Do the entities of title take place when that deed was executed? Are they still married? Have they been divorced in a different state? In other words, you have to go beyond the record itself to make a determination as to whether or not tenancy by the entirety exists at the time you're examining that title. Again, it could have been destroyed by divorce. It could have been destroyed by death. It could never have been created. At which time, because of the recording or because of the following of the judgment, automatically becomes a lien on the property or springs to become a lien on the property. And it's that interest that the creditor has that the code looks to avoid or to destroy or to avoid. So are you, are you, it's not clear to me and I just want to, I guess I want to sort of probe about this, which is, are you saying that it's an actual interest and you don't buy sort of the lower court's interpretation that the cloud itself was sufficient? Or are you buying into the cloud theory? I'm buying into the cloud theory. Okay, and is that consistent then with the definition of an interest in the bankruptcy code? Yes. Tell me why. Well, because I think... And use the plain language, you know, or the language of the bankruptcy code would help me out a lot. Well, what it is is that it has an interest because it creates leverage for the creditor. It has an interest because it's something that has to be dealt with. When an examiner looks at a time, and it's even exacerbated by the bankruptcy code. If someone files bankruptcy, all the examiners are aware of the provision that allows for lien avoidance. All examiners realize or should realize that liens pass through bankruptcy unaffected unless they're avoided. So if you're a title examiner, post-petition or post-bankruptcy looking at a title, you've got a judgment lien, which on the record, you have a judgment, I'm sorry, which on the record creates a lien on the real estate. Well, the reason why I'm asking you that question is because I'm not sure about the cloud theory, to be honest with you, but I'm still stuck on the unenforceable lien versus no lien at all, which seemed to be the thrust of Judge Murphy's prior opinion of this court. And opposing counsel gave an example in Texas of an unenforceable lien, one that actually exists and is attached, but that you can't enforce at the time it attaches. And my question for you is, could this be an unenforceable lien? Is there two possibilities here, at least in your client's view, the possibility of the cloud, which is your theory that you've expressed, and then the possibility of the unenforceable lien, or is the unenforceable lien out in your view? Well, it is. I guess what I'm saying is the bankruptcy code equates a lien with an interest in real estate. Right. Okay. Under state law, if you didn't have the bankruptcy code interpretation under 522 have, under Missouri law, you have an argument if it's tenancy by the entirety, it's unenforced, no lien exists under tenancy by the entirety, if it's tenancy by the entirety exists. What these state cases are saying is that under tenancy by the entirety, whether it's bankruptcy or not, it still creates a cloud if there's a judgment on the property. Okay. It still creates a cloud that has to be dealt with. So you do not think this is an unenforceable lien. It's purely a cloud. You're relying purely on the cloud theory. Well, it's an unenforceable. It is a lien that's unenforceable. Okay. That helps. Thank you. I mean, it's a lien that's unenforceable. Under Missouri law, but it's recognized as a lien under bankruptcy law for the purpose of 522 avoidance. So we're looking at it from two different directions. Under state law, is it a lien that can be enforced? No. Under 522F of the bankruptcy code, is it an unenforceable lien that can be avoided in the bankruptcy court? The only issue is, is it an interest? Is it a lien under definition in the bankruptcy code that can be avoided? And that is the position that we take, is that under the bankruptcy code, because of the cloud, and because of the emitted interest of the creditor in the property. I mean, they filed a judgment lien, thinking that it created an interest for them. The ref here today, arguing for this court, that they have an interest in the property, that they have an interest in the property, that their client's going to be harmed if at some future date, they cannot enforce this lien if they get divorced and the husband gets the property, or if the wife dies and the husband gets the property. And so, clearly by their own mission, and by their own actions, they think they have an interest in this real estate, which is subject, maybe not enforceable under state law, at this point in time, but is voidable under 522F1, under the bankruptcy law. And keep in mind that that's exactly what creates a cloud on the title. That's exactly what shows this interest, that even outside of bankruptcy, creates problems for title examiners, and is that you have a situation, say you're, I'll give you an example, if you're right in title and you're loaning money, and they're married at the time you loan the money, and there's a judgment lien out there, and you find out, well, that lien doesn't attach under Missouri law. You loan the money, two years after you loan the money, yet your dear, the wife dies. Now it attaches. Does it attach back to the time before you made the loan? Does it only attach after the time you made the loan? And the deed of trust is in place. Those create arguments and clouds that have to be resolved. And the purpose of the bankruptcy code is to give the debtor a fresh start and to remove those clouds and that interest in property. That's what the purpose of 522F1 is. And again, I want to address this issue about future interest. First of all, that is not the subject of the mandate. There was never, as the bankruptcy court found, a door number three. It was never argued that somehow they have an interest in a future interest. And that's what they're saying is that I have an interest in a future interest. Well, under Missouri law, there is no future interest. Tenancy by the entirety does not create a future interest. Tenancy by entirety is a concept as explained by the courts that inside several cases, Heil and Frost v. Frost, is that when you own tenancy by the property, a husband and wife own as a whole. They have 100% interest each as a whole. And so that when one dies, it's not that they acquire a new title. They keep the same title they had from the very beginning. There is no future interest. They had 100% interest in it when they are married and they have 100% interest in it when the spouse dies or they become unmarried. Whoever owns the property still has that 100% interest. So there is no future interest. And it's outside the mandate when this court last heard this case. And that's the only place that they're going. They're hanging their hat on a future interest that is not recognized under Missouri law. And I think when it all boils down to it is the bankruptcy code is set up to give debtors a fresh start. So they're not litigating issues that don't need to be issues that can be taken care of at the bankruptcy court level. Tenancy by the entirety is a difficulty in the state of Missouri because it is always a cloud on the title. A judgment lien inside of bankruptcy, outside of bankruptcy, if a judgment is there, it has to be dealt with one way or the other. And if it's not dealt with on the record, then that cloud remains. And so what the bankruptcy code provides for is these unenforceable liens under state law that have given a creditor an interest in property are subject to avoidance under 520-F. What do we do just with that statement? And I understand that we send it back down to make a, I guess, a legal determination. Mixed question of law, in fact, anyhow. There is thus a strong argument that CRP did not obtain any lien on the property. What do we do with that statement? It seems to hint that there's no lien at all here. Under Missouri law, under Missouri law in this case, husband and wife, no dispute about tenancy by the entirety, they did not have an enforceable lien against the property. Under Missouri law, tenancy by the entirety did not meet the definition that would equate to a judgment lien on the real estate under Missouri law. Both the BAP and the bankruptcy court agree with that. The question is, but the next step is, is it a judicial lien as defined under the bankruptcy code which simply allows for lien avoidance under 522F? And both the bankruptcy court and the BAP agreed that the tenancy by the entirety, because you can't tell from the record whether or not it's truly tenancy by the entirety, creates a cloud. And that cloud creates an interest that the creditor has in that real estate. And because of the definition of lien under the bankruptcy code, that interest is a lien that is subject to avoidance under 522. That's how it's simply interpreted. So under the confines of 522F1, in a bankruptcy setting, the court has authority and the power to avoid that judicial lien. Judicial lien as defined by the bankruptcy code. Once you have more questions, I don't have anything further. I see none. Thank you, Mr. Ramos. Thank you. Mr. Sater, your rebuttal. Thank you. First, I'd like to mention that a contingent future interest is recognized in Missouri law as I stated in my reply brief, but it is also actually in Missouri statutes in RSMO 475.094. Secondly, this whole cloud argument, almost every example that Mr. Rouse just provided of what exists as a cloud on title was not my judgment, my client's judgment. These were all issues with the tenancy by the entirety itself. He talked about divorce. He talked about death. He talked about all sorts of other impacts of the debtors themselves. What I would tell you is that from my point of view, our record is not a cloud on title. And here's a very good reason why. On its face, the judgment is only against one party. My judgment is not against Mrs. O'Sullivan. She is the warranty deed owner of the property that is of record. On its very face, my judgment cannot be considered on its face a confusion by anyone that I think reputably understands the law or understands the issues involved. So on his very face, I don't think that there's a cloud by the terms of my judgment itself. But further judges, what I would tell you to look at is that there is no evidence in the record from Mr. O'Sullivan at any time of an actual cloud on title or of an impact on him. This was all basically written up in the judgments without any supporting documentation, without any supporting evidence whatsoever. There was no letter from a title company. There was no letter from a lawyer. There was no letter from Mr. O'Sullivan or some type of affidavit saying that a buyer had looked at the property and had experienced a problem. Now, I understand there could be difficulties of interpretation or people might miss or make mistakes. However, as I said earlier, I don't think a mistake is a reason to deny my client certain rights. This court has stated- Counsel, on the point, suppose all of that evidence existed. Suppose the record were different. Suppose that he has statements from a title company that says, boy, this is going to be really tough. We're going to have to do a lot of further research. There's a cloud on the title. Is that sufficient under the bankruptcy code to constitute a lien or not? Liens are determined by state law. Under Missouri law, there is no lien. As this court wrote, there's a strong argument there is no lien. And as a result of a judicial lien being a subset of liens, it cannot be a lien. Okay. So in your view, then the cloud on the title is really just sort of a red herring. Yes, sir. Thank you, Your Honor. Thank you, Mr. Sater. The court wishes to thank both counsel for your presence this morning. The argument which you've provided to the court, the briefing that you submitted as well, will take your case under advisement. Thank you. You may be excused. Madam Clerk, would you call case number two for the morning? The initials E.D. Etcetera et al versus Palmara R1 School District.